kUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL W. H.,

                        Plaintiff,

v.                                                             6:20-CV-6858
                                                             (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      CORINNE MANFREDI, ESQ.
  Counsel for Plaintiff                                      KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                  AMANDA LOCKSHIN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   KATHRYN SMITH, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 16.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.**       **RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1966. (T. 162.) He completed the 12th grade. (T. 327.) Generally, Plaintiff's alleged disability consists of chronic fatigue, acid reflux, depression, "sleep problems," attention deficit disorder ("ADD"), and "short term memory problems." (T. 163-164.) His amended alleged disability onset date is December 6, 2013. (T. 54, 313.) His date last insured is June 30, 2018. (T. 162.)[1] His past relevant work consists of carpenter. (T. 318.)

### B. Procedural History

On March 23, 2016, Plaintiff applied for Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 162.)[2] Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 21, 2018, and again on April 12, 2019, Plaintiff appeared before the ALJ, Connor O'Brien. (T. 50-113, 114-161.) On July 30, 2019, ALJ O'Brien issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 18-36.) On August 25, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

---

[1] During Plaintiff's hearing, the ALJ stated the date last insured "got extended to December of 2018." (T. 54.) Plaintiff's representative responded, "[t]hat sounds right to me." (*Id*.) However, the ALJ concluded in her written decision the date last insured was June 30, 2018. (T.23.) Neither party disputes June 30, 2018, as Plaintiff's date last insured.

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 23-32.) First, the ALJ found Plaintiff met the insured status requirements through June 30, 2018, and Plaintiff had not engaged in substantial gainful activity since December 6, 2013. (T. 23.) Second, the ALJ found Plaintiff had the severe impairments of: chronic fatigue associated with Hepatitis C; asthma; mild sleep apnea; gastroesophageal reflux disease ("GERD"); and depressive disorder. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 24.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except Plaintiff is able to:

> sit for six hours, and stand and walk for five hours each. He requires a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes. He can tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity and air borne irritants. He requires three, additional, short, less-than-five-minute breaks in addition to regularly scheduled breaks. He can fulfill daily quotas or expectations, but cannot maintain a fast-paced, automated, production line pace.

(T. 25.)[3] Fifth, the ALJ determined Plaintiff unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 30-32.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

---

[3]   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the "highly specific RFC determination is a product of the ALJ's lay judgment and is not supported by substantial evidence." (Dkt. No. 11 at 9-16.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly relied on consultative examination reports and other evidence of record to conclude that Plaintiff remained capable of a range of light work. (Dkt. No. 14 at 12-18.) Second, and lastly, Defendant argues the ALJ's RFC determination was not impermissibly based on "lay judgment." (*Id*. at 18-21.)

### III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation

process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.  ANALYSIS

Plaintiff argues, "the ALJ went on to compile a highly specific RFC determination with [ ] multiple limitations that have no direct support in the record.  Thus, the RFC determination is not supported by substantial evidence."  (Dkt. No. 11 at 9-16.)  Specifically, Plaintiff asserts the record contained no direct support for the sit/stand limitation, the environmental limitations, and the need for additional breaks; therefore, these limitations were improperly based on the ALJ's own lay interpretation of raw medical evidence.  (*Id*. at 11-16.)  For the reasons outlined below, the ALJ's RFC determination was proper and supported by substantial evidence.

The RFC determination is "the most [Plaintiff] can still do despite [his] limitations," and is based upon a review of all the relevant evidence in the case record.  20 C.F.R. § 404.1545(a).  Plaintiff bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that the ALJ's decision was supported by substantial evidence in the record.  *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir.

6

2018).  Moreover, as the Supreme Court emphasized in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  139 S.Ct. 1148, 1154 (2019); *see Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (holding that the Commissioner's findings must be upheld unless "a reasonable factfinder *would have to conclude otherwise*") (emphasis in the original).

In general, an RFC determination is not fatally flawed if formulated absent a medical opinion.  The Second Circuit concluded, even if "there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required."  *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109 (2d Cir. 2020); *see also Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (holding that even "where the ALJ's determination does not perfectly correspond with any of the opinions of medical sources cited in his decision," the ALJ is "entitled to weigh all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole"); *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (same).  In formulating the RFC determination, the ALJ relied on the opinion evidence in the record, together with other evidence, and the ALJ provided sufficient reasoning to support her determination.

The record contains multiple medical opinions from examining and non-examining consultative medical sources.  Two consultative examiners evaluated Plaintiff's regarding his physical ability to do work-related activities and provided medical source statements.  On June 8, 2016, Rita Figueroa, M.D., performed a consultative internal medicine examination.  (T. 470-474.)  Dr. Figueroa physical examination of

7

Plaintiff was unremarkable, and the doctor observed he yawned "at times" and lost his train of thought "easily." (T. 472-474.) His gait and stance were normal, and he could squat and walk on heels and toes without difficulty. (T. 473.) Plaintiff had full range of motion and full (5/5) strength throughout, with no sensory deficit and normal reflexes. (T. 473-474.) Plaintiff also had intact hand and finger dexterity, with full (5/5) grip strength. (T. 474.) His chest and lung examination was unremarkable, with normal percussion, normal diaphragmatic motion, and clear to auscultation. (T. 473.) Dr. Figueroa diagnosed chronic fatigue, GERD, and asthma. (T. 474.) Dr. Figueroa opined Plaintiff "may have difficulty with activities requiring prolonged exertion due to his chronic fatigue" and he should avoid exposure to dust, smoke, and respiratory irritants. (*Id.*)

On January 16, 2019, Harbinder Toor, M.D., completed an additional consultative internal medicine examination. (T. 656-666.) Plaintiff denied any history of asthma. (T. 657.) Physical examination was unremarkable. (T. 657-659.) Plaintiff's gait and stance were normal, and he could squat, walk on heels and toes, and rise from a chair without difficulty. (T. 658.) His chest and lungs were unremarkable, with normal percussion, normal diaphragmatic motion, no significant chest wall abnormality, and clear to auscultation. (*Id.*) Plaintiff had full range of motion and full (5/5) strength throughout, with intact hand and finger dexterity, full (5/5) grip strength, and a normal neurologic examination. (T. 658-659.) Dr. Toor listed diagnoses as "[h]istory of" chronic fatigue, GERD, Hepatitis C, and sleep apnea. (T. 659.) Dr. Toor opined chronic fatigue "interferes with [Plaintiff's] physical exertion;" however, "[n]o other medical limitations" were suggested by the evaluation. (*Id.*)

Dr. Toor also completed a Medical Statement of Ability to do Work Related Activities form.  (T. 660-666.)  Dr. Toor opined Plaintiff could continuously, defined as more than two-thirds of the time, lift and carry up to 100 pounds.  (T. 660.)  Dr. Toor opined Plaintiff could sit, stand, and walk for 60 minutes each without interruption, and could perform each of these activities for up to eight hours total in an eight-hour workday.  (T. 661.)  In addition, the doctor opined Plaintiff could reach, handle, finger, feel, and push/pull continuously with either hand; could continuously operate foot controls; and continuously climb, balance, stoop, kneel, crouch, and crawl.  (T. 662-663.)  Dr. Toor opined Plaintiff could continuously operate a motor vehicle, and continuously tolerate exposure to unprotected heights, moving mechanical parts, vibrations, extreme temperatures, humidity and wetness, and all other irritants including "[d]ust, odors, fumes and pulmonary irritants."  (T. 664.)

First, Plaintiff argues the ALJ assigned significant weight to Dr. Figueroa's opinion which included the limitation that Plaintiff should avoid respiratory irritants; however, the ALJ determined Plaintiff could tolerate occasional exposure to respiratory irritants and therefore the ALJ's determination was improper.  (Dkt. No. 13 at 12-13.)  Here, substantial evidence in the record supports the ALJ's RFC determination that Plaintiff could tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity, and air borne irritants.  (T. 25.)  In the alternative, any error in failing to conclude Plaintiff should avoid all exposure to respiratory irritants would be harmless.

In making her determination that Plaintiff could occasionally tolerate exposure to respiratory irritants, the ALJ considered Plaintiff's testimony that black walnut exacerbated his asthma and he used Albuterol when he has an asthma attack.  (T. 26,

472.) The ALJ noted in June 2016 Plaintiff reported he had not had an asthma attack in six months. (*Id*.) Indeed, Plaintiff's records from the relevant period do not include any treatment for asthma and Plaintiff himself reported no history of this condition to Dr. Toor. (*See* T. 657; *see also* T. 171.) The ALJ considered, and afforded significant weight to, Dr. Figueroa's opinion Plaintiff should avoid exposure to dust, smoke, and any respiratory irritants. (T. 27.) The ALJ also considered and afforded less weight to Dr. Toor's opinion that Plaintiff had no environmental limitations. (T. 28.) Based on the medical opinion evidence, Plaintiff's testimony, and lack of treatment, the ALJ reasonably concluded Plaintiff could occasionally tolerate exposure to environmental irritants.

In the alternative, any error in failing to adopt Dr. Figueroa's specific opined limitation that Plaintiff "should avoid exposure to dust, smoke, and any respiratory irritants," would be harmless. As outlined by Defendant, none of the representative occupations identified by the vocational expert require exposure to respiratory irritants or other environmental conditions. (Dkt. No. 14 at 13.) Indeed, the description for each occupation lists all environmental conditions as "Not Present." *See* DOT # 209.587-034 (marker); DOT # 559.687-074 (inspector and hand packager); DOT # 569.687-022 (sorter)[4]. Accordingly, even if the conclusion Plaintiff could tolerate occasional exposure to respiratory irritants, instead of "should avoid" exposure, were erroneous, the "correction" of this error would not result in Plaintiff's exclusion from the three jobs identified by the vocational expert, and thus would not change the ALJ's conclusion that

---

[4] Listed environmental conditions include exposure to weather, extreme cold, extreme heat, wet and/or humid, atmospheric conditions, and "Other Env. Cond." *See* DOT # 209.587-034; DOT # 559.687-074; DOT # 569.687-022.

Plaintiff was not disabled. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (holding that remand is not required where application of the correct legal principles could lead only to the same conclusion). Therefore, any error in failing to adopt Dr. Toor's environmental limitations in the RFC would be harmless error.

Next, Plaintiff argues the ALJ's "the sit/stand alternation pattern created by the ALJ has absolutely no support from the administrative record." (Dkt. No. 13 at 11.) Again, the ALJ relied on the record as a whole and she provided reasoning to support her conclusion Plaintiff required a sit/stand option. As outlined above, Dr. Figueroa opined Plaintiff may have limitations with "prolonged exertion" due to fatigue. (T. 27, 474.) Dr. Toor opined Plaintiff could sit and stand for 60 minutes at one time without interruption. (T. 661.) Dr. Toor further opined Plaintiff could sit for a total of eight hours and stand for a total of eight hours in a workday. (*Id*.) The ALJ concluded her RFC determination for light exertion with "changes of position" addressed the limitations provided by Dr. Figueroa. (T. 27.)

Taken together, Dr. Figueroa's and Dr. Toor's opinions, constitute substantial evidence that a reasonable mind might accept as adequate to support the ALJ's sit/stand option. Indeed, consistent with the ALJ's finding, Dr. Toor opined Plaintiff could sit and stand, up to 60 minutes at one time. (T. 25. 474.) In addition, Plaintiff does not point to any specific evidence in the record to demonstrate that there are in fact inconsistencies with the RFC determination concerning Plaintiff's sitting and standing limitations. *Tammy B. v. Comm'r of Soc. Sec.*, No. 20-CV-0044, 2021 WL 2155099, at *5 (W.D.N.Y. May 27, 2021). Overall, the ALJ's sit/stand option was proper

11

and supported by substantial evidence; therefore, Plaintiff's argument, that the ALJ has "absolutely no support" for her determination, is without merit.

Lastly, Plaintiff asserts the ALJ failed to provide reasoning or discussion to support her determination that Plaintiff required three additional less than five-minute breaks. (Dkt. No. 11 at 13.) Plaintiff asserts, based on his testimony, he required more extensive breaks than those imposed by the ALJ. (*Id*. at 13-14.) Here, the ALJ relied on the evidence as a whole, including consultative examiner opinions and Plaintiff's testimony, in determining Plaintiff required additional breaks.

To be sure, no medical source opined Plaintiff required three additional less than five-minute breaks and Plaintiff testified to a greater need. However, no medical source indicated Plaintiff required any additional breaks and the ALJ credited Plaintiff's testimony to the degree the ALJ found it supported by the record evidence. The ALJ acknowledged Plaintiff's testimony that he naps once or twice a day, was terminated from a job for "resting," and missed appointments due to being tired. (T. 26.) However, the ALJ concluded Plaintiff's subjective reports were inconsistent with the record. (T. 26-27.) The ALJ nonetheless accepted Plaintiff's allegations to the extent of allowing for some reduction in the RFC based on his combined impairments. (T. 28.) "The fact that the ALJ afforded Plaintiff the benefit of the doubt and included a [. . .] limitation in the RFC assessment is not grounds for remand." *Lesanti v. Comm'r of Soc. Sec*., 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (citing *Baker v. Berryhill*, No. 1:15-cv-00943, 2018 WL 1173782, at *4 (W.D.N.Y. Mar. 6, 2018)).

In addition to her consideration of Plaintiff's testimony, the ALJ concluded the additional breaks limitation addressed Dr. Figueroa's opinion. (T. 25.) The ALJ also

considered Dr. Toor's opinion that Plaintiff's fatigue interfered with physical exertion; however, the ALJ noted Dr. Toor did not provide further explanation or specifics. (T. 28.)

In addition, the opinion of consultative psychiatric examiner Adam Brownfeld, Ph.D., which the ALJ afforded "significant weight," suggested even less restriction. (T. 28; *see* T. 467-468.) Dr. Brownfeld opined Plaintiff had no evidence of limitation in any area, including following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular schedule, learning new tasks, performing complex tasks independently, making appropriate decisions, relating with others, or dealing with stress. (T. 467-468.) State agency psychologist Dr. Bruno concluded Plaintiff had no severe psychiatric impairment. (T. 164.) The ALJ relied on the opinions of the consultative examiner and "deviated from consultative examiners' recommendations to *decrease* [Plaintiff's] RFC based on other evidence in the record." *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (emphasis in the original); *see also Smith,* 740 F. App'x at 726 (affirming where the plaintiff "had a duty to prove a more restrictive RFC, and failed to do so"). Therefore, although the RFC limitation for additional breaks did not specifically track a medical opinion or Plaintiff's testimony, the limitation was nonetheless supported by substantial evidence in the record.

Overall, although the ALJ's RFC limitations may not have corresponded directly to either medical opinion evidence or Plaintiff's testimony, the limitations were nonetheless supported by substantial evidence in the record. Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's

resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:  June 3, 2022

William B. Mitchell Carter
U.S. Magistrate Judge